UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY MARKIECE JACKSON,

     Plaintiff,

v.

                                        CASE NO. 6:11-cv-686-Orl-28GJK

ROBERT WESLEY, et al.,

     Defendants.

## ORDER

This case is before the Court on Plaintiff's Objection and Motion for Reconsideration (Doc. No. 3). On May 2, 2011, this Court dismissed Plaintiff's civil rights complaint for failure to state a claim, finding Plaintiff did not show that the defendants, public defenders, acted under color of state law (Doc. No. 2). Plaintiff argues that public defenders work for a state agency or subdivision and therefore are state actors. Plaintiff also contends that if public defenders are held to the same standards as private lawyers then he should be able to sue them in federal court.

The Court's reconsideration of a prior order is an extraordinary remedy which must be used sparingly. *American Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1339 (M.D. Fla. 2003); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1072 (M.D. Fla. 1993). A motion for reconsideration should raise new issues

and not merely readdress previously litigated issues. *Taylor*, 814 F.Supp. at 1072. The Court has further stated:

> When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinnings upon which the decision was based. The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

*Id.* at 1072-73 (citations omitted).

Here, Plaintiff has noted no change in the factual or legal underpinning upon which the Court based its judgment. The Court considered the allegations in complaint and found that they did not state a claim for relief. Plaintiff cannot bring claims of ineffective assistance of counsel in a complaint filed pursuant to § 1983 because public defenders, similar to private defense attorneys, do not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Therefore, the Court finds that Plaintiff has failed to demonstrate sufficient grounds warranting the relief requested. Accordingly, it is hereby **ORDERED** that Plaintiff's Objection and Motion for Reconsideration (Doc. No. 3) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida this _)_/ day of May, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 5/23

Anthony Markiece Jackson